## In re HOLIDAY MART, INC., Debtor.

### Bankruptcy No. 77–00565.

United States Bankruptcy Court,
D. Hawaii.

Sept. 1, 1983.

See also, Bkrtcy., 35 B.R. 183.

William Dodd, Honolulu, Hawaii, for trustee.

Thomas Hayes, Honolulu Professional Services, Honolulu, Hawaii, Trustee.

Arthur Reinwald, Honolulu, Hawaii, for applicants.

## ORDER DENYING APPLICATION FOR ALLOWANCE OF ADJUSTMENT TO COMPENSATION TO ACCOUNT FOR INFLATION AND DELAY

JON J. CHINEN, Bankruptcy Judge.

The Law Firm of HODDICK, REINWALD, O'CONNOR & MARRACK, attorneys herein for the Official Creditors' Committee during the Chapter XI proceedings, hereafter "Applicant", filed on August 19, 1983, an APPLICATION FOR ALLOWANCE OF ADJUSTMENT TO COMPENSATION TO ACCOUNT FOR INFLATION AND DELAY, wherein request is made for a 1%/month adjustment from the date of filing of their final application for fees until the various orders of the Court approving the fees were entered.

Applicant served as attorney for the Creditors' Committee from February 13, 1978 until the Committee was dissolved by order of the Court on May 21, 1980. On April 7, 1981, Applicant filed an application for final allowance of compensation wherein Applicant requested total fees of $150,010.64, based on an upward adjustment of hourly rates of compensation and an additional request for fees for services voluntarily performed after the Creditors' Committee was dissolved.

The Court entered an Order Re Final Allowance of Compensation on October 8, 1982, wherein total fees of $94,209.79 including tax were approved. Since $81,490.31 of this final amount had been approved as interim compensation and previously paid to Applicant, the additional sum of $12,719.48 was approved by this Order.

On October 18, 1982, Applicant appealed this Order to the U.S. District Court. On December 15, 1982, the U.S. District Court remanded the appeal with instructions to reconsider the Award of Final Compensation in a manner consistent with the opinion of the U.S. District Court entered on November 4, 1982 regarding the fee application of Chun, Kerr & Dodd in the instant case.

On August 3, 1983, this Court entered a modified ORDER re: FINAL ALLOWANCE OF COMPENSATION awarding Applicant a total fee of $118,515.28, to which was credited the $94,209.79 previously paid, leaving a balance due of $24,305.39. The trustee has advised Applicant that it will pay this additional amount on September 1, 1983.

By the instant application, Applicant requests that this Court award Applicant, from debtor's estate, a "reasonable" adjustment in compensation to account for the delay of 18 months for the $12,433.46 payment (from the date of the original fee application until the October 8, 1982 Order) and for the delay of 29 months for the $24,305.49 payment (from the date of the original application until September 1, 1983). Applicant requests an adjustment of 1%/month calculated at 18% of $12,433.46 and 29% of $24,305.49 for a total adjustment of $9,286.61.

As support for this requested adjustment, Applicant cites three civil rights cases in which the Courts recognized the effect of inflation and hardships caused by delay in receiving compensation for services as a factor to be considered in determining appropriate compensation. See *Keith v. Volpe*, 501 F.Supp. 403 (C.D.Cal.1980); *White v. City of Richmond*, 559 F.Supp. 127 (N.D.Cal.1982); *Ramos v. Lamm*, 539 F.Supp. 730 (D.C.Col.1982). The other case cited by Applicant, *Weiss v. Drew, National Corporation*, 465 F.Supp. 548 (S.D.N.Y.1979) was a request for fees by plaintiffs' attorneys in a class action suit for S.E.C. violations which was settled on the eve of trial. The *Weiss* court was faced with determining equitable and reasonable fees pursuant to the settlement where attorneys were on a contingency basis.

This Court rejects these cases as the standard for determining fees for court-autho-

rized attorneys in bankruptcy cases. Without exception, the cases cited refer to situations in which attorneys had received NO interim compensation, and in fact had been working on a contingency basis for an extended period of time. "... One extremely important factor which a Court must consider in determining an award of attorneys' fees is the contingent nature of success.... When a civil rights action is successful, therefore, the attorneys must be rewarded, not only for the hours reasonably expended in prosecuting the action, but also for the risk that no fee would ever be forthcoming." *White v. City of Richmond,* 559 F.Supp. 127, 133 (N.D.Cal.1982).

When fees are not sought on a contingency basis and when the Applicant has received a retainer, at least one Bankruptcy Court has held not only that there is no compelling reason to apply the multipliers used in civil rights cases for determination of fees but also that application of such a scheme "would appear to be contrary to the Bankruptcy Act." *In Re ISC Financial Corp.,* 16 B.R. 7, 8 (Bkrtcy.W.D.Mo.1980). See also *In Re THC Financial Corp.,* 659 F.2d 951 (9 Cir.1981), where the 9th Circuit Court of Appeals refused to allow a "contingent bonus fee."

■ In the instant case, Applicant received as interim compensation before the dissolution of the Committee, the amount of $81,490.31. This amounted to approximately 86% of the amount initially awarded by the Court as final compensation and approximately 69% of the amount awarded on remand as final compensation. Having received this amount in advance does not warrant application of the "hardship" factors considered and applied in the civil rights cases where compensation is contingent and thus not received until and unless the case is successfully completed.

Based on the foregoing discussion, this Court declines to award from the debtor's estate premiums to Applicant whose efforts to seek higher fees both in the original application and on appeal contributed to the delay in the final award

The APPLICATION FOR ALLOWANCE OF ADJUSTMENT TO COMPENSATION TO ACCOUNT FOR INFLATION AND DELAY is hereby denied.

■ The Court does recognize however that once an award of fees is entered and a reasonable time for payment has passed, interest earned on such funds ermarked for Applicant should accrue to Applicant, not debtor's estate. Thus interest earned after August 10, 1983 until the Trustee pays Applicant the sum of $24,305.39 awarded in the August 3, 1983 Order, calculated as follows:

$$\frac{\$24,305.39 \times .09}{365} = \$5.99/day$$

is properly due Applicant rather than debtor's estate.

The Trustee is hereby authorized and ordered to pay to Applicant interest calculated at $5.99/day from August 10, 1983 until the $24,305.39 awarded in the August 3, 1983 Order is paid to Applicant.